

**ORDERED in the Southern District of Florida on October 28, 2025.**

_Scott M. Grossman_
_____
**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

KIAWNA NICHOLE DONALDSON,                    Case No. 17-24103-SMG

    Debtor.                                   Chapter 13
_____/

KIAWNA NICHOLE DONALDSON,

    Plaintiff,

v.                                           Adv. No. 25-1021-SMG

U.S. BANK TRUST NATIONAL
ASSOCIATION, not in its individual
capacity but solely as owner trustee for
RCF2 ACQUISITION TRUST; NRZ
PASS-THROUGH TRUST X, U.S. BANK
NATIONAL ASSOCIATION AS TRUSTEE;
FAY SERVICING, LLC; and SELENE
FINANCE LP,

    Defendants.
_____/

**ORDER DISMISSING ADVERSARY PROCEEDING**
**<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff Kiawna Nichole Donaldson filed a voluntary petition[1] for relief under Chapter 13 of the Bankruptcy Code on November 25, 2017. She then confirmed[2] a chapter 13 plan on October 30, 2018, completed all plan payments, and received her chapter 13 discharge[3] on September 23, 2024. After receiving her discharge, she brought this adversary proceeding[4] against defendants U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for RCF2 Acquisition Trust (U.S. Bank-RCF2); U.S. Bank National Association as Trustee for NRZ Pass-Through Trust X (U.S. Bank-NRZ); Fay Servicing, LLC; and Selene Finance LP, seeking damages for alleged violations of the Real Estate Settlement Procedures Act (RESPA).[5] After she amended her original complaint,[6] the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6)[7] for failure to state a claim.[8] All parties then consented to an order denying those motions as moot and allowing the plaintiff to file a second amended complaint.[9]

The plaintiff then filed a second amended complaint,[10] which the defendants again moved to dismiss for failure to state a claim under Rule 12(b)(6).[11] After considering the motions to dismiss, the plaintiff's responses,[12] and the defendants'

---

[1] Case No. 17-24103-SMG ("Main Case") (Dkt. No. 1).
[2] Main Case (Dkt. No. 81).
[3] Main Case (Dkt. No. 290).
[4] Dkt. No. 1.
[5] 12 U.S.C. §§ 2601 *et seq.*
[6] Dkt. No. 16.
[7] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.
[8] Dkt. Nos. 18, 19.
[9] Dkt. No. 28.
[10] Dkt. No. 29 (Second Amended Complaint).
[11] Dkt. Nos. 32 (filed by Fay Servicing and U.S. Bank-NRZ) and 36 (filed by Selene and U.S. Bank-RCF2).
[12] Dkt. Nos. 40 and 41.

replies,[13] the Court concludes that – although not raised by any defendant – it lacks subject matter jurisdiction and therefore must dismiss this adversary proceeding for the reasons discussed below.

The second amended complaint asserts fourteen counts, all arising under RESPA:

- Count I (Fay Servicing and U.S. Bank-RCF2) alleges a violation of 12 U.S.C. § 2605(b)(1)-(2) for failure of the transferor servicer and owner to provide timely written notice of transfer of servicing.[14]

- Count II (Selene Finance and U.S. Bank-NRZ) alleges a violation of 12 U.S.C. § 2605(c)(1)-(2) for failure of the transferee servicer to provide notice of transfer within fifteen days of the effective date.[15]

- Count III (Selene Finance) alleges a violation of 12 U.S.C. § 2605(e)(2) for failure to make appropriate corrections to the borrower's account within thirty days of an inquiry.[16]

- Count IV (Selene Finance) alleges a violation of § 2605(e)(2) for taking adverse action before addressing the borrower's inquiry—specifically, imposing forced-place insurance while an address dispute remained unresolved.[17]

- Count V (Selene Finance) asserts a violation of 12 U.S.C. § 2605(k)(1)(A), prohibiting the procurement of forced-place insurance without a reasonable basis to believe the borrower failed to maintain coverage.[18]

- Count VI (Selene Finance) alleges a violation of § 2605(k)(1)(C) for failure to take timely action to correct errors in the allocation of payments and to recognize the confirmed Chapter 13 plan.[19]

---

[13] Dkt. Nos. 42 (filed by Fay Servicing and U.S. Bank-NRZ) and 43 (filed by Selene and U.S. Bank-RCF2).
[14] Second Am. Compl. ¶¶ 37 – 42.
[15] *Id.* at ¶¶ 43 – 47.
[16] *Id.* at ¶¶ 48 – 52.
[17] *Id.* at ¶¶ 53 – 57.
[18] *Id.* at ¶¶ 58 – 62.
[19] *Id.* at ¶¶ 63 – 66.

- Count VII (Selene Finance) asserts a violation of § 2605(l)(1)(A) for failing to send, by first-class mail, a written notice reminding the borrower of the obligation to maintain hazard insurance before imposing forced-place insurance.[20]

- Count VIII (Selene Finance) alleges a violation of § 2605(l)(1)(B) for failing to send the second required notice regarding forced-place insurance coverage at least thirty days after the first.[21]

- Count IX (Selene Finance) asserts a violation of § 2605(l)(1)(C) for imposing forced-place insurance without waiting fifteen days after the last required notice.[22]

- Count X (Selene Finance) alleges a violation of § 2605(m) for charging amounts for forced-place insurance that were not bona fide or reasonable.[23]

- Count XI (Selene Finance) asserts a violation of 12 U.S.C. § 2609(c)(1)(A) for failing to provide an initial escrow statement clearly itemizing estimated insurance premiums for the first twelve months after establishment of the escrow account.[24]

- Count XII (Selene Finance) alleges a violation of § 2609(c)(2)(A) for failure to provide an annual escrow statement clearly itemizing the current monthly payment and disbursements for taxes and insurance.[25]

- Count XIII (Fay Servicing) (mislabeled as a second "Count XII" in the pleading) asserts a violation of 12 U.S.C. § 2609(k)(1)(E) for failing to timely, accurately, and completely transfer all borrower information and documents to the transferee servicer.[26]

- Count XIV (Fay Servicing) alleges a violation of § 2609(k)(1)(E) for failure to transfer accurate property information, including the borrower's address, from Fay to Selene.[27]

---

[20] *Id*. at ¶¶ 67 – 70.
[21] *Id*. at ¶¶ 71 – 74.
[22] *Id*. at ¶¶ 75 – 77
[23] *Id*. at ¶¶ 78 – 83.
[24] *Id*. at ¶¶ 84 – 89.
[25] *Id*. at ¶¶ 90 – 94,
[26] *Id*. at ¶¶ 95 – 97.
[27] *Id*. at ¶¶ 98 – 100.

As a result of the defendants' conduct, the plaintiff alleges she suffered significant financial and personal harm. This alleged harm included the defendants refusing to recognize a loan modification and accordingly "nullifying" and refusing to credit $37,443.02 in payments under her chapter 13 plan. As a result, her mortgage arrears increased from $13,009.55 to $34,579.00, and she lost the ability to complete her chapter 13 plan as originally confirmed.[28] The mortgage – which was in foreclosure before she filed for bankruptcy – is once again in foreclosure.[29] In addition, the plaintiff alleges she suffered significant credit damage, reputational harm, and emotional distress because of the defendants' actions.[30]

Before reaching the merits of any dispute, federal courts have an "independent obligation to ensure that subject-matter jurisdiction exists."[31] "If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action."[32] Under 28 U.S.C. § 1334(a), district courts have original and exclusive jurisdiction of all cases under the Bankruptcy Code.[33] And under 28 U.S.C. § 1334(b), district courts have original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code.[34] 28 U.S.C. § 157(a) then provides that each district court may refer any or all of its cases under the Bankruptcy Code and any or all proceedings arising under the

---

[28] She later modified her confirmed plan to remove this mortgage loan and deal with it outside of her plan. Main Case (Dkt. Nos. 272, 280, 284).
[29] *Id*. at ¶¶ 107 – 110.
[30] *Id*. at ¶¶ 105, 115 – 116.
[31] *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020).
[32] *Id*. (citing *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016)); *In re Greer*, 621 B.R. 514, 517 (Bankr. M.D. Fla. 2020).
[33] 28 U.S.C. § 1334(a).
[34] 28 U.S.C. § 1334(b).

5

Bankruptcy Code or arising in or related to a case under the Bankruptcy Code to the bankruptcy judges for the district.[35] The District Court has done so here through its standing *Order of Reference*.[36]

> As this Court explained in *In re Jimenez*,[37]
>
> Although the terms "arising under," "arising in," and "related to" may sound colloquial, they actually have very precise meanings that have developed under the case law. A proceeding "arising under" the Bankruptcy Code is "one based in a provision of the Bankruptcy Code itself." Examples of "arising under" proceedings include claims to avoid preferences and fraudulent transfers under 11 U.S.C. §§ 547 and 548, respectively. A proceeding "arising in" a bankruptcy case is one that is not based on any right expressly created by the Bankruptcy Code, but which would have no practical existence outside of the bankruptcy case. Examples of "arising in" proceedings include determinations of the validity, extent, or priority of liens; allowance or disallowance of claims against the estate; and other matters affecting administration of the bankruptcy estate.[38]

This RESPA action does not "arise under" the Bankruptcy Code, nor does it "arise in" a case under the Bankruptcy Code. That leaves only "related to" jurisdiction as a basis for subject matter jurisdiction.

> [A] proceeding "related to" a case under the Bankruptcy Code is a civil proceeding that could be pursued outside a bankruptcy case, "but which nonetheless bears a connection with the title 11 case sufficient to bring it within federal bankruptcy jurisdiction." The Eleventh Circuit has held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." As noted by the Eleventh Circuit in adopting the Third Circuit's test in *Pacor, Inc. v. Higgins* for determining "related to" jurisdiction, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is

---

[35] 28 U.S.C. § 157(a).
[36] Dist. Ct. Admin. Order 2024-84 (Nov. 1, 2024); *see also* Dist. Ct. Loc. R. 87.2.
[37] 627 B.R. 536 (Bankr. S.D. Fla. 2021).
[38] *Id.* at 540–41 (internal citations omitted).

6

whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."[39]

The plaintiff here received her chapter 13 discharge[40] four months before she filed this adversary proceeding. Chapter 13 trustee Robin Weiner has since filed her final report and account,[41] certifying that "the estate has been fully administered." But even before receiving her discharge, the plaintiff had modified her chapter 13 plan to remove the mortgage loan at issue here.[42] As a result, the defendants obtained stay relief to resume foreclosure proceedings in state court.[43]

Because the plaintiff received her discharge and her chapter 13 bankruptcy case has been fully administered, determination of her RESPA claims could not have any conceivable effect on her bankruptcy estate.[44] This Court therefore lacks subject matter jurisdiction. Accordingly, it is **ORDERED** that the second amended complaint is **DISMISSED** for lack of subject matter jurisdiction.

# # #

*Copies furnished to all counsel of record by CM/ECF.*

---

[39] *Id.*, at 541 (internal citations omitted); *see Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 787–89 (11th Cir. 1990); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).
[40] Main Case (Dkt. No. 290).
[41] Main Case (Dkt. No. 306).
[42] Main Case (Dkt. Nos. 272, 280, 284).
[43] *Id.* Even if the plaintiff had not yet received her discharge, the Court would still lack jurisdiction over these RESPA claims because the mortgage loan was being treated outside of her chapter 13 plan. *See, e.g. In re Tomasevic*, 279 B.R. 358, 362 (Bankr. M.D. Fla. 2002) (concluding that the bankruptcy court had no jurisdiction over post-petition RESPA claims relating to a mortgage loan being paid outside the plan, because those claims had no connection to the debtor's performance or payment under the plan and implicated no issue with respect to property of the estate).
[44] Indeed, under her confirmed plan, all property of the estate vested in her upon confirmation. Main Case (Dkt. Nos. 76, 81); *see also* 11 U.S.C. § 1327(b) ("Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.").